**No. 43430.**—Protest 952641–G of W. R. Zanes and Co. (Galveston).

KEEFE, Judge: It having been discovered that a typographical error was made in the decision and judgment of this court in the above-entitled case, in which said decision and judgment it was caused to appear that the collector was directed to reliquidate and make refund of duty upon liquor contained in 376 bottles broken in transit, and also to refund duty upon 17½ gallons of liquor destroyed under customs supervision, when all or part of the duty so taken was assessed upon the contents of said 376 bottles,

IT IS HEREBY ORDERED that our decision and judgment entered as aforesaid be amended to read as follows:

First, in the last line of decision after the words "376 bottles of liquor and" the word "/or" should be inserted, so that the last paragraph of said decision will read:

For the reasons stated, judgment will be entered in favor of the plaintiffs directing the collector to reliquidate the entry and make refund of all duty taken upon the contents of 376 bottles of liquor and/or upon 17½ gallons destroyed under customs supervision.

Second, that after the words in the judgment "376 bottles broken and the contents destroyed in transit from a foreign port and" the word "/or" should be inserted, so that the judgment will read:

that the protest in this case is sustained insofar as the claims pertain to an allowance for loss of liquor in 376 bottles broken and the contents destroyed in transit from a foreign port, and/or as to the claim that 17½ gallons of liquor were destroyed in warehouse under the provisions of section 557 of the act of 1930, and the collector will reliquidate the entry and make refund accordingly.

It is so ordered.

**No. 43431.**—Protest 16983–K of E. Leitz, Inc. (New York).

Opinion by KINCHELOE, J. In accordance with stipulation of counsel and on the authority of Abstract 42922 the merchandise in question was held dutiable at 5 cents per pound and 20 percent ad valorem under paragraph 1405 as claimed.

**No. 43432.**—Protests 982396–G, etc., of H. A. Gogarty, Inc., et al. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise consists of cocoa fiber mats similar to those the subject of *United States* v. *Penn* (27 C. C. P. A. 242, C. A. D. 93). The claim at 90 percent under paragraph 1529 (a) was therefore sustained.